PROB 12C  
(06/17)

January 18, 2023  
pacts id: 7054633

# UNITED STATES DISTRICT COURT
## FOR THE
## SOUTHERN DISTRICT OF CALIFORNIA

### Petition for Warrant or Summons for Offender Under Supervision

**Name of Offender:** Gabriela Victoria Rogers (English)   **Dkt. No.:** 20CR03357-001-JLS

**Reg. No.:** 97798-298

**Name of Sentencing Judicial Officer:** The Honorable Janis L. Sammartino, U.S. District Judge

**Original Offense:**
 Count 1: 21 U.S.C. §§ 952 and 960, Importation of Fentanyl, a Class C felony.
 Count 2: 21 U.S.C. §§ 952 and 960, Importation of Methamphetamine, a Class B felony.

**Date of Sentence:** June 18, 2021

**Sentence:** Time served as to Count One and Two, five years' supervised release *(Special Conditions: Refer to Judgment and Commitment Order.)*

**Modification:** On August 11, 2021, conditions were modified to include residential drug treatment.

| | |
|---|---|
| **Type of Supervision:** Supervised Release | **Date Supervision Commenced:** June 18, 2021 |
| **Asst. U.S. Atty.:** Jessica Schulberg | **Defense Counsel:** Keith H. Rutman (Appointed) 619-237-9072 |

**Prior Violation History:** Yes. See prior court correspondence.

---

### PETITIONING THE COURT

**TO ISSUE A NO-BAIL BENCH WARRANT**

PROB12(C)

| | |
|---|---|
| Name of Offender: Gabriela Victoria Rogers | January 18, 2023 |
| Docket No.: 20CR03357-001-JLS | Page 2 |

The probation officer believes that the offender has violated the following condition(s) of supervision:

| **CONDITION(S)** | **ALLEGATION(S) OF NONCOMPLIANCE** |
|---|---|
| **(Mandatory Condition)**<br>The defendant must not illegally possess a controlled substance. The defendant must refrain from any unlawful use of a controlled substance. Submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter. Testing requirements will not exceed submission of more than four (4) drug tests per month during the term of supervision, unless otherwise ordered by the court.<br><br>**(Standard Condition)**<br>The defendant must follow the instructions of the probation officer related to the conditions of supervision. | 1. On or about December 9, 2022, Ms. Rogers used a controlled substance, as evidenced by the urine sample she submitted at the U.S. Probation Office, on December 9, 2022, which confirmed positive for fentanyl.<br><br>2. On September 13, October 13, November 1, December 2, 8, and 14, 2022, and January 12, 2023, Ms. Rogers failed to comply with drug testing requirements as instructed by the probation officer, in that she failed to submit a urine specimen at the United States Probation Office as required. |

***Grounds for Revocation:*** As to Allegation 1, Ms. Rogers reported to the U.S. Probation Office on December 9, 2022, and submitted a urine specimen which screened positive for amphetamines and fentanyl. When informed of the positive screen, she admitted to the probation officer to using methamphetamine on or about December 7, 2022. She denied using fentanyl and reported it may have been laced with the methamphetamine. The sample was sent to Alere Toxicology Services and confirmed positive for fentanyl.

As to Allegation 2, I have received and reviewed the Chain of Custody for Drug Analysis forms, which confirm that on the above dates, Ms. Rogers failed to submit a urine sample, as required. On February 1, 2022, the probation officer reviewed written instructions for drug testing with the offender, and she acknowledged receipt of the instructions with her signature. Specifically, she was instructed to call the drug testing line after 8:15 p.m. the day before each drug testing day to hear if she was to report for testing, and report for testing if instructed in the automated testing line. Testing days are Monday through Friday.

| **(Special Condition)**<br>Enroll in and successfully complete a residential drug treatment program as directed by the probation officer. | 3. On or about December 29, 2022, Ms. Rogers failed to enroll in residential drug treatment program as directed by the probation officer. |

***Grounds for Revocation:*** As to Allegation 5, on December 19, 2022, the probation officer contacted Ms. Rogers to address her drug use. She was directed to enroll in a residential drug treatment program no later than December 29, 2022, which she failed to do.

## VIOLATION SENTENCING SUMMARY

**SUPERVISION ADJUSTMENT**

Ms. Rogers commenced her term of supervised release on June 18, 2021. Shortly thereafter, she admitted to using methamphetamine, and was enrolled in residential drug treatment at New Creations in El Centro, California, on June 18, 2021. She left the program prematurely and admitting relapsing on methamphetamine in August 2021. Ms. Rogers then enrolled in residential treatment through Crash, Inc. and left the program the same day due to having an argument with program staff.

On August 17, 2021, Ms. Rogers enrolled in residential drug treatment at McAlister Institute Kiva Learning Center for Women and Children (Kiva) and successfully complete the program on November 22, 2021. Upon completion, she entered a sober living home. The undersigned was unable to reach Ms. Rogers for several days following her discharge from Kiva and reached out to a family friend to relay the message that she needs to report to the probation officer. On December 2, 2021, Ms. Rogers contacted the undersigned, stating she got a new phone, and moved out of her sober living facility and into her friend's house a few days prior.

As previously reported to the Court, on April 6, 2022, Ms. Rogers was arrested by Customs and Border Protection (CBP) on suspicion of violating 8 U.S.C. § 1324, Alien Smuggling. According to the report of investigation, Ms. Rogers applied for entry through the pedestrian lanes at the Calexico, California, Port of Entry. She was pushing a male subject in a wheelchair who was found to not have proper documentation to enter the United States. Ms. Rogers reported to CBP that he asked her for assistance in pushing his wheelchair, and she was unaware of his immigration status. No charges were filed in this matter. Ms. Rogers was not given permission by the probation officer to travel to Mexico and was admonished for her unauthorized travel.

Ms. Rogers contacted the probation officer on April 22, 2022, and admitted to relapsing on methamphetamine, with her last use on April 21, 2022. She was directed to re-enroll in residential drug treatment and enrolled in Kiva on May 18, 2022. Ms. Rogers successfully completed the program on August 22, 2022.

Ms. Rogers had a short period of compliance, but after missing several drug tests beginning in November 2022, she was directed to report to the probation office to test on December 9, 2022. On that date, she submitted a urine sample that screened positive for amphetamines and fentanyl. She admitted to using methamphetamine but denied any fentanyl use. Given her significant drug use history and failure to enroll in drug treatment, she was directed to enroll in residential drug treatment no later than December 29, 2022. Ms. Rogers has not enrolled in residential treatment to the probation officer's knowledge. She has not had any contact with the probation officer since she was directed to enroll in treatment on December 19, 2022. Attempts to locate Ms. Rogers have been unsuccessful, and her current whereabouts are unknown. Her supervision adjustment is deemed poor given her continued noncompliance and illicit drug use.

**OFFENDER PERSONAL HISTORY/CHARACTERISTICS**

Ms. Rogers is twenty-five years old and was raised primarily in San Diego, California, and El Centro, California. She is not married and has three children though she does not have custody of them. Ms. Rogers' family and children reside in El Centro.

Ms. Rogers' criminal history consists of convictions for shoplifting, inflicting corporal injury on a spouse, battery, and assault with a deadly weapon with possible great bodily injury. She has arrests for petty theft, battery on a spouse, possession of drug paraphernalia, use and being under the influence of a controlled substance, and battery.

Ms. Rogers has a long history of substance abuse, with daily marijuana use beginning at age thirteen, daily methamphetamine use beginning at age 15, cocaine use, and daily heroin use beginning in 2018.

Ms. Rogers reported a history of anxiety and depression and being diagnosed with bipolar disorder, and previously took psychiatric medications to manage her mental health symptoms. She does not have her high school diploma and has limited employment history. She had various jobs during her term of supervised release, including working at El Pollo Loco, 7-11, Living Spaces and Five Keys Schools and Programs.

## SENTENCING OPTIONS

## CUSTODY

**Statutory Provisions:** Upon the finding of a violation, the court may modify the conditions of supervision; extend the term (if less than the maximum authorized term was previously imposed); or revoke the term of supervised release. 18 U.S.C. § 3583(e)(2) and (3).

If the court revokes supervised release, the maximum term of imprisonment upon revocation is 3 years. 18 U.S.C. § 3583(e)(3).

**USSG Provisions**: The allegations (use of a controlled substance, failure to report for drug testing, and failure to enroll in residential drug treatment) constitute Grade C violations. USSG §7B1.1(a)(3), p.s.

Upon a finding of a Grade C violation, the court may (A) revoke supervised release; or (B) extend the term and/or modify the conditions of supervision. USSG §7B1.3(a)(2), p.s.

A Grade C violation with a Criminal History Category III (determined at the time of sentencing) establishes an **imprisonment range of 5 to 11 months.** USSG § 7B1.4, p.s. It is noted that in the case of a Grade C violation, and where the minimum term of imprisonment determined under USSG §7B1.4, p.s., is at least one month but not more than six months, the minimum term may be satisfied by (A) a sentence of imprisonment; or (B) a sentence of imprisonment that includes a term of supervised release with a condition that substitutes community confinement... for any portion of the minimum term. USSG §7B1.3(c)(1), p.s.

Since "the original sentence was the result of a downward departure ... an upward departure may be warranted" upon revocation. The court can depart from the available imprisonment range and impose a sentence of up to the statutory maximum of 135 months. USSG §7B1.4, p.s., comment. (n.4), and 18 U.S.C. § 3583(e)(3).

## REIMPOSITION OF SUPERVISED RELEASE

If supervised release is revoked and the offender is required to serve a term of imprisonment, the court can reimpose supervised release upon release from custody. The length of such a term shall not exceed the term of supervised release authorized by statute for the offense that resulted in the original term of supervised release, less any term of imprisonment imposed upon revocation. 18 U.S.C.§ 3583(h).

In this case, the court has the authority to reimpose a term of supervised release of any years up to life, less any term of imprisonment imposed upon revocation. 18 U.S.C. § 3583(k), and 21 U.S.C. §§ 841, 960.

## JUSTIFICATION FOR BENCH WARRANT

Ms. Rogers poses a potential risk to herself and to the community due to her ongoing drug use and her current whereabouts are unknown. Therefore, a bench warrant is deemed necessary to mitigate the risk she may pose and guarantee her appearance before the Court.

PROB12(C)

| | |
|---|---|
| Name of Offender: Gabriela Victoria Rogers | January 18, 2023 |
| Docket No.: 20CR03357-001-JLS | Page 5 |

## RECOMMENDATION/JUSTIFICATION

Ms. Rogers has shown a pattern of noncompliance and illicit drug use throughout her term of supervised release, which she has been given several opportunities to address within the community. She does not appear to be motivated to comply with her terms of supervised release and has ultimately made herself unavailable for supervision by failing to maintain communication with the probation officer.

A custodial sentence is recommended to hold Ms. Rogers accountable for the breach of the Court's trust and to serve as a deterrence for future noncompliance. Should the allegations herein be sustained, probation respectfully recommends that supervised release be revoked, and Ms. Rogers be sentenced to seven (7) months custody, followed by thirty-six (36) months of supervised release. All previously imposed conditions are recommended.

**I declare under penalty of perjury that the foregoing is true and correct.**

**Executed on: January 18, 2023**

Respectfully submitted:
DANIEL J. KILGORE
CHIEF PROBATION OFFICER

by _____
Kayla Gainey
U.S. Probation Officer
(619) 409-5120

Reviewed and approved:

_____
Scott A. Kiefer
Supervisory U.S. Probation Officer

PROB12CW                                                                                                                January 18, 2023

# VIOLATION SENTENCING SUMMARY

1. **Defendant:** Rogers, Gabriela Victoria

2. **Docket No.** (Year-Sequence-Defendant No.)**:** 20CR03357-001-JLS

3. **List Each Violation and Determine the Applicable Grade** (*See* USSG § 7B1.1)**:**

| Violation(s) | Grade |
|---|---|
| Use of a controlled substance | C |
| Failure to report for drug testing | C |
| Failure to enroll in residential drug treatment | C |

4. **Most Serious Grade of Violation** (*See* USSG § 7B1.1(b))                           [    C    ]
5. **Criminal History Category** (*See* USSG § 7B1.4(a))                                  [   III   ]
6. **Range of Imprisonment** (*See* USSG § 7B1.4(a))                          [  5 to 11 months  ]

7. **Unsatisfied Conditions of Original Sentence**:  List any restitution, fine, community confinement, home detention, or intermittent confinement previously imposed in connection with the sentence for which revocation is ordered that remains unpaid or unserved at the time of revocation (*See* USSG § 7B1.3(d)):

    Restitution ($) _____          Community Confinement _____

    Fine($) _____                 Home Detention _____

    Other _____                   Intermittent Confinement _____

PROB12(C)

| | |
|---|---|
| Name of Offender: Gabriela Victoria Rogers | January 18, 2023 |
| Docket No.: 20CR03357-001-JLS | Page 7 |

**THE COURT ORDERS:**

__X__   AGREE. A NO-BAIL BENCH WARRANT BE ISSUED BASED UPON A FINDING OF PROBABLE CAUSE TO BRING THE OFFENDER BEFORE THE COURT TO SHOW CAUSE WHY SUPERVISED RELEASE SHOULD NOT BE REVOKED FOR THE ALLEGED VIOLATIONS. THE PETITION AND THE WARRANT WILL BE SEALED UNTIL THE OFFENDER HAS BEEN ARRESTED ON THE WARRANT AND THEN THE PETITION AND WARRANT MAY BE UNSEALED. NOTWITHSTANDING THE SEALING, A COPY OF THE PETITION AND WARRANT WILL BE GIVEN TO THE U.S. MARSHAL FOR USE BY LAW ENFORCEMENT.

_____   DISAGREE. THE ISSUANCE OF A SUMMONS ORDERING THE OFFENDER TO APPEAR BEFORE THE COURT ON _____, AT _____, TO SHOW CAUSE WHY SUPERVISED RELEASE SHOULD NOT BE REVOKED.

_____   Other _____

*Janis L. Sammartino*  
The Honorable Janis L. Sammartino  
U.S. District Judge

01/19/2023  
Date

PAT